Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| LOURDES IVETTE SAAVEDRA MENDEZ T/C/C LOURDES SAAVEDRA<br><br>**Peticionaria**<br><br>SUCESION NICOLASA SAAVEDRA t/c/c NICOLASA MENDEZ t/c/c MARIA NICOLASA MENDEZ t/c/c NICOLASA MENDEZ JACA t/c/c MARIA NICOLASA MENDEZ JACA<br><br>VS.<br><br>EX PARTE | TA2025CE00002 | *CERTIORARI* procedente del Tribunal de Primera Instancia Arecibo<br><br>Civil Núm. QU2025CV00032<br><br>Sobre: Declaratoria de Herederos |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Hernández Sánchez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 27 de junio de 2025.

El 16 de junio de 2025, la Sra. Lourdes Ivette Saavedra Méndez (señora Lourdes o la peticionaria) compareció ante nos mediante un *Recurso de Certiorari* y solicitó la revisión de una *Resolución* que se emitió el 14 de mayo de 2025 y se notificó el 16 de mayo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Camuy (TPI). Mediante el aludido dictamen, el TPI declaró Ha Lugar la petición de declaratoria de herederos de la causante Nicolasa Saavedra (señora Nicolasa o causante) y declaró como único y universales herederos a sus cinco (5) hijos.

Por los fundamentos que expondremos a continuación, expedimos el recurso de *certiorari* y **revocamos** el dictamen recurrido.

Número Identificador

SEN2025 _____

## I.

El 17 de marzo de 2025, la peticionaria presentó una *Petición de Declaratoria de Herederos.*[1] En esta sostuvo que su madre, la señora Nicolasa, falleció el 27 de septiembre de 2019 en el Estado de Florida. Indicó que, al momento de su muerte, la causante era viuda por lo que sus únicos y universales herederos eran sus hijos, a saber, la Sra. Carmen Socorro Saavedra, el Sr. Carlos Nicolás Saavedra Méndez, la Sra. Ada Iris Saavedra Méndez (señora Ada), la Sra. Lourdes Ivette Saavedra Méndez, y la Sra. Elsa Margarita Saavedra Méndez. Afirmó que la causante no había dejado un testamento por lo que le solicitaba al TPI a que nombrara como único y universales herederos a los hijos de la causante antes mencionados sin que ello supusiera una aceptación y/o repudiación de la herencia por parte de estos.

Posteriormente, el 8 de abril de 2025, la señora Lourdes presentó una *Petición de Declaratoria de Herederos Enmendada.*[2] Allí, enmendó la petición de declaratoria de herederos con el fin de expresar que la señora Ada, una de las hijas de la causante, había fallecido el 10 de abril de 2024, sin haber aceptado o repudiado la herencia de la causante. Así pues, sostuvo que conforme al Art. 960 del Código Civil de 1930 y el Art. 1586 del Código Civil de 2020, le asistía el derecho de transmisión a los hijos de la señora Ada para aceptar y/o repudiar la herencia de la causante. Expresó que los hijos de la señora Ada eran el Sr. Edward Nicholas Chimento, la Sra. Vanessa Marie Chimento, y la Sra. Michelle Rose Chimento. De este modo, nuevamente solicitó que se nombraran como único y universales herederos a los hijos de la causante y aquellos bajo el derecho de transmisión sin que ello supusiera una aceptación y/o repudiación de la herencia por parte de estos. Cabe precisar que,

---

[1] Véase, Entrada 1, SUMAC TA.
[2] Véase, Entrada 3, SUMAC TA.

junto a esta petición, se anejó el certificado de defunción de la señora Ada y el certificado de nacimiento de cada hijo.

El 8 de abril de 2025, el TPI emitió una *Orden* que se notificó el 9 de abril de 2025, aceptando la petición enmendada.[3] Así las cosas, el 7 de mayo de 2025, la peticionaria presentó una *Moción en Solicitud de Resolución* en la cual expresó que, ante la aceptación de la petición enmendada, procedía que el TPI emitiera una Resolución de Declaratoria de Herederos conforme lo solicitado previamente.[4] En respuesta, el 14 de mayo de 2025, el TPI emitió y notificó una *Orden* resolviendo lo siguiente: "Se toma conocimiento. Con relación a los hijos de la Sra. Ada Iris Saavedra deberá presentar una petición de declaratoria de herederos independientemente toda vez que la misma falleció posterior a la causante".[5]

Ese mismo día, a saber, 14 de mayo de 2025, el TPI emitió una *Resolución* que se notificó el 16 de mayo de 2025 declarando Ha Lugar la petición de declaratoria de herederos de la señora Nicolasa y declaró como único y universales herederos a sus cinco (5) hijos.[6] En desacuerdo con este dictamen, el 28 de mayo de 2025, la peticionaria presentó una solicitud de reconsideración.[7] Reiteró que, al momento del fallecimiento de la señora Ada, el 10 de abril de 2024, esta no había aceptado ni repudiado la herencia de su progenitora, la causante original, fallecida el 27 de septiembre de 2019. En consecuencia, argumentó que se configuraba el derecho de transmisión conforme a lo dispuesto en el Art. 960 del Código Civil de 1930 y el Art. 1586 del Código Civil de 2020.

Particularmente, expuso que, en el presente caso concurrían los requisitos legales para que operara dicho derecho: (1) la herencia fue deferida a la transmitente, quien no la aceptó ni la repudió en

---

[3] Véase, Entrada 5, SUMAC TA.
[4] Véase, Entrada 6, SUMAC TA.
[5] Véase, Entrada 7, SUMAC TA.
[6] Véase, Entrada 8, SUMAC TA.
[7] Véase, Entrada 9, SUMAC TA.

vida; (2) la transmitente falleció luego de haber sido llamada a heredar; (3) no existía disposición testamentaria que estableciera una sustitución vulgar; y (4) los hijos de la transmitente (los transmisarios) sobrevivieron a esta y tenían capacidad para heredar.

Por otro lado, aclaró que no se había solicitado la exclusión de la transmitente como heredera de la causante original, sino que, por el contrario, se reiteró su inclusión y, además, se solicitó la incorporación de sus hijos como transmisarios. Señaló que se había acreditado la legitimación de los hijos de la señora Ada mediante el certificado de defunción de esta y los certificados de nacimientos de cada hijo, los cuales fueron anejados al presente escrito. Finalmente, concluyó que, dado que la transmitente falleció sin manifestar voluntad alguna respecto a la herencia, son sus herederos quienes tienen el derecho de aceptarla o repudiarla, por lo que su inclusión en la resolución impugnada era indispensable. Por los motivos antes expuestos, solicitó que se enmendara la resolución de declaratoria de herederos con el fin de añadir los nombres de los herederos de la causante Ada Iris Saavedra ya que estos adquirieron el derecho de transmisión de la transmitente para aceptar o repudiar la herencia de la causante original.

Atendida la solicitud de reconsideración, el 29 de mayo de 2025, el TPI emitió y notificó una *Orden* denegando dicha solicitud.[8] Aún inconforme con este dictamen, el 16 de junio de 2025, la señora Lourdes presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró el TPI al denegar la inclusión de los transmisarios junto con la transmitente y demás herederos en la resolución de declaratoria de herederos de la causante original, concluyendo así *sub silentio* que la su inclusión trastoca el orden sucesoral.**
>
> **Erro el TPI al denegar la inclusión de los transmisarios en la declaratoria de herederos de la**

---

[8] Véase, Entrada 10, SUMAC TA.

**causante original, acto que resulta contrario a derecho por existir el derecho de transmisión.**

II.

**-A-**

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró,* 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró, supra.* La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando éste haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

**-B-**

El fallecimiento de una persona determina la apertura de la sucesión y, con ésta, nace el derecho de adquirir los bienes del caudal relicto para determinados parientes del difunto. *Sucn. Maldonado v. Sucn. Maldonado,* 166 DPR 154, 177 (2005). Así surge de la ley, que estatuye que "[l]os derechos a la sucesión de una persona se transmiten desde el momento de su muerte". Art. 603 del Código Civil de 1930, 31 LPRA sec. 2085.[9] Así pues, éstos forman parte del caudal hereditario, junto con las obligaciones del causante, siempre y cuando éstos no se extingan con la muerte de este. Art.

---

[9] El Código Civil de 1930 fue derogado por la Ley Núm. 55-2020, según enmendada, conocida como el *Código Civil de Puerto Rico de 2020,* 31 LPRA sec. 5311, *et seq.* Sin embargo, para propósitos de la disposición de este recurso estaremos citando el Código Civil derogado, pues es el estatuto que estaba en vigor al momento del fallecimiento de la causante.

608 del Código Civil de 1930, 31 LPRA sec. 2090. En fin, "[l]os herederos suceden al difunto por el hecho solo de su muerte, en todos sus derechos y obligaciones". Art. 610 del Código Civil de 1930, 31 LPRA sec. 2092.

Con el fallecimiento del causante se produce un llamamiento del heredero potencial —que ya adquirió la posesión de los bienes— para que repudie, acepte pura y simple o a beneficio de inventario la herencia. Si acepta, adquiere la titularidad de la herencia; si repudia, nunca la poseyó. *Sucn. Maldonado v. Sucn. Maldonado*, supra, págs. 177-178. La aceptación y repudiación de la herencia son actos voluntarios y libres, que se retrotraen al momento de la muerte del causante. Arts. 943 y 944 del Código Civil de 1930, 31 LPRA secs. 2771-2172, respectivamente.

Ahora bien, en lo pertinente al caso ante nos, el Art. 960 del Código Civil de 1930, 31 LPRA sec. 2788[10], dispone que, "[p]or muerte del heredero sin aceptar ni repudiar la herencia, pasará a los suyos el mismo derecho que él tenía". El derecho de transmisión constituye una parte integrante del patrimonio relicto por el llamado a la primera herencia, un valor patrimonial del mismo, que pasa a los herederos del llamado, a quien sorprendió la muerte sin haber ejercitado el derecho a aceptar o a repudiar la herencia a la que fue llamado. L. Roca-Sastre Muncunill, *Derecho de Sucesiones*, 1ra ed., Barcelona, Ed. Bosch, 1994; T. III; pág. 334. Este derecho ha sido definido como "aquel derecho que tienen los herederos del heredero que fallece en el intervalo comprendido entre la delación hereditaria a su favor y la aceptación o adición hereditaria futura, y en virtud del cual aquéllos hacen suya la facultad de aceptar o repudiar la herencia". Íd., pág. 331.

---

[10] Cabe precisar que, en el Código Civil de 2020, el derecho de transmisión se reconoce en el Art. 1586 de dicho estatuto.

Cabe aclarar que el causante de la primera herencia es el transmitente, mientras que los favorecidos por el derecho de transmisión son los transmisarios o transmisionarios. Íd*.,* pág. 337. Por lo tanto, el transmisario es el sucesor del transmitente y no del primer causante. Los que se aprovechan del derecho de transmisión son los herederos del heredero del causante. Íd., págs. 346-347.

Para que se produzca el derecho de transmisión deben concurrir los siguientes requisitos: (a) que una herencia se halle deferida a un heredero sin que éste la haya aceptado o repudiado, ni sea incapaz o indigno de suceder, ni que esté declarada su ausencia; (b) que el heredero capaz fallezca después de haber tenido lugar la delación a su favor sin haber aceptado ni renunciado el derecho deferido; (c) que el primer causante no haya ordenado una sustitución vulgar; y (d) que el transmisario no haya premuerto al transmitente. Íd., págs. 345-348.

## III.

En su primer señalamiento de error, la peticionaria argumentó que el TPI erró al denegar la inclusión de los transmisarios junto con la transmitente y demás herederos en la resolución de declaratoria de herederos de la causante original, concluyendo así *sub silentio* que la su inclusión trastocaba el orden sucesoral. Por otro lado, en su segundo señalamiento de erorr, sostuvo que el TPI incidió al denegar la inclusión de los transmisarios en la declaratoria de herederos de la causante original. Alegó que dicho acto resultaba contrario a derecho por existir el derecho de transmisión.

Discutiremos los señalamientos de error en conjunto por estar íntimamente relacionados entre sí. A la luz de los hechos aquí expuestos y el derecho aplicable, es forzoso concluir que el TPI erró al denegar la inclusión de los hijos de la señora Ada en la Resolución de Declaratoria de Herederos de la causante original, la señora

Nicolasa. Como se ha reiterado, al momento del fallecimiento de la señora Ada, esta no había aceptado ni repudiado la herencia de su madre, la causante original. En virtud de ello, y conforme a lo dispuesto en el Artículo 960 del Código Civil de 1930, *supra*, operó el derecho de transmisión a favor de sus herederos, a saber, el Sr. Edward Nicholas Chimento, la Sra. Vanessa Marie Chimento, y la Sra. Michelle Rose Chimento, quienes adquieren la facultad de aceptar o repudiar la herencia que correspondía a su madre.

Todos los requisitos jurisprudenciales para que surta efecto el derecho de transmisión se encuentran cumplidos en este caso: (1) la herencia fue deferida a la señora Ada, quien no la aceptó ni la repudió en vida; (2) falleció con posterioridad al llamamiento; (3) no existe disposición testamentaria que establezca sustitución vulgar; y (4) sus herederos sobreviven y están legalmente capacitados para heredar. Además, la legitimación de estos transmisarios fue acreditada mediante la presentación del certificado de defunción de la señora Ada y los certificados de nacimiento de cada uno.

En vista de lo anterior, el TPI incidió al requerir una declaratoria de herederos independiente respecto a los hijos de la señora Ada, pues dicha actuación desconoce la naturaleza jurídica del derecho de transmisión. Es decir, no se trata de una sucesión directa de la causante original, sino de la facultad que se incorpora al patrimonio relicto del transmitente, la señora Ada, y que sus propios herederos ejercen en su lugar. Al excluir a los transmisarios de la resolución, el TPI impidió injustamente que estos ejercieran el derecho que por ley les corresponde, resultando en una resolución incompleta y contraria al ordenamiento sucesoral vigente.

Por todo lo anterior, se ordena que se deje sin efecto la Resolución de Declaratoria de Herederos emitida el 14 de mayo de 2025, y en su lugar, se emita una resolución enmendada en la que se reconozca debidamente el derecho de transmisión a favor de los

hijos de la señora Ada, incorporando sus nombres como transmisarios, sin que ello implique aceptación ni repudiación de la herencia.

IV.

Por los fundamentos antes expuestos, expedimos el recurso de *certiorari* y **revocamos** el dictamen recurrido y le ordenamos al TPI a que proceda conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones